# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0346V

| | |
|---|---|
| CASSANDRA HAMILTON,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: February 8, 2024 |

*Brynna Gang, Kraus Law Group, Chicago, IL, for Petitioner.*

*Martin Conway Galvin, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Cassandra Hamilton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on March 13, 2020. Petition at 1. On June 14, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $18,108.04 (representing $17,435.80 for fees and $672.24 for costs). Petitioner's Motion for Attorneys' Fees and Costs, filed Dec. 11, 2023, ECF No. 43. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 1. Respondent did not file a response.

I note this case required additional briefing regarding the issue of damages. *See* Petitioner's Memorandum in Support of a Ruling on the Record Finding Entitlement for Petitioner and Awarding Damages, filed May 10, 2022, ECF No. 31; Status Report, filed Feb. 24, 2023, ECF No. 36 (reporting an impasse in damages discussions and renewed requested for a ruling on the record regarding damages after my entitlement determination). Petitioner's counsel expended approximately 9.8 hours drafting the motion for a ruling on the record. ECF No. 43 at 12. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Petitioner a list of all attorney's costs, along with supporting documentation for all claimed costs, ECF No. 43 at 27-35. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $18,108.04 (representing $17,435.80 for fees and $672.24 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Brynna Gang.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.